ORIGINAL

U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 28 AM 11:59

CLERK _C Adams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BUSTER O'NEAL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-085 |
| | ) | |
| HAYWOOD WILLIAMS, TIM JONES, | ) | |
| ANTONY WASHINGTON, RONNIE | ) | |
| LAWRENCE, JOHN DOE, JANE DOE, | ) | |
| GAIL POWEL, MARY PETERSON, | ) | |
| JOSE MORALES, and BRIAN OWENS, | ) | |
| in their individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3), that Plaintiff's motion to appoint counsel be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice.

I. **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

### A. Prior Filing History

In his complaint, Plaintiff admits that he is subject to the three strikes provision of § 1915(g). (Doc. no. 1, pp. 3, 17.) A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous under § 1915(g): (1) O'Neal v. Schofield, CV 199-342 (N.D. Ga. July 1, 1999) (case dismissed as frivolous); (2) O'Neal v. Sinnreich & Francisco, CV 598-442 (M.D. Ga. Feb. 2, 1999) (case dismissed as frivolous); and (3) O'Neal v. Bibb County, CV 597-533 (M.D. Ga. July 9, 1997) (case dismissed as frivolous). As Plaintiff filed a complaint that was dismissed as frivolous in each of the cases cited above, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury"

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

exception to § 1915(g).

B.  No Indication of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. On this point, the Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In Brown, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350.

Here, Plaintiff, a prisoner in the mental health unit at JSP (see doc. no. 1, p. 18), alleges that he is in imminent danger and will remain in pain or die if not treated. (Id. at 16.) Plaintiff's complaint – over 100 pages in length – describes a number of Plaintiff's encounters with prison officials and medical staff at JSP beginning in August of 2009. (See generally doc. nos. 1, 1-1, 1-2.) Specifically, Plaintiff alleges that Defendant Williams and the John and Jane Doe Defendants violated his constitutional rights by injecting his mouth with "some kind of unknown blood" when he had his tooth pulled in October of 2009 (see doc. no. 1, pp. 20-31, 35; doc. no. 1-2, pp. 8, 13); that Defendants Washington and Lawrence violated his constitutional rights by using force against Plaintiff and by failing to intervene while Plaintiff's

3

tooth was being pulled (see doc. no. 1, pp. 31-32; doc. no. 1-2, p. 8, 13); that Defendants Jones, Owens, and Morales failed to properly investigate the incident (doc. no. 1-2, pp. 9-10, 13-14); and that Defendants Powel and Peterson provided him with inadequate and negligent medical care[2] (id. at 11, 14).

However, despite the fact that Plaintiff alleges that he is in "imminent danger," none of the various incidents he complains of constitute imminent danger of serious physical injury at the time he filed the above-captioned case: Plaintiff ultimately contends that he is dissatisfied with the medical treatment provided to him at JSP. (Doc. no. 1-2, pp. 8-11.) But for each injury Plaintiff alleged between October of 2009 and July of 2011, he states that he was immediately treated. Notably, Plaintiff states that after his most recent alleged injury – stab wounds from an assault by other inmates – he was taken to the hospital and given stitches, and Plaintiff does not allege that he suffered any further problems from the incident. In short, Plaintiff's allegations do not support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

C.    **Motion to Appoint Counsel**

As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216

---

[2] Plaintiff complains that Defendants Powel and Peterson gave him inadequate and negligent medical care in response to the alleged injection and follow-up blood test (see doc. no. 1, pp. 20-31, 41-42), by giving Plaintiff seizure medication in response to a seizure that Plaintiff claims did not occur (see doc. no. 1-1, pp. 12-15), and in treating him for two separate attacks by other inmates at JSP – one in June of 2010, and the other in July of 2011 (see doc. no. 1, pp. 52-55; doc. no. 1-1, pp. 18-26).

4

(11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

Furthermore, though Plaintiff may have difficulty with the demands of prosecuting his case, it is evident based on his filings with the Court to date that he can communicate with the Court. The Court is mindful that Plaintiff is a mental health patient. (See doc. no. 1, p. 18.) However, he has shown himself capable of communicating with the Court, and Plaintiff has not shown that his mental health issues prevent him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Accordingly, Plaintiff's motion to appoint counsel should therefore be **DENIED**.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 3), that Plaintiff's motion to appoint counsel be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

5